**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-40644
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN ONEAL HOWARD,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CR-148-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Brian Oneal Howard appeals his conviction for possession with the intent to distribute between 5 and 50 grams of crack cocaine. He argues that the district court erred in denying his motion to suppress the evidence because the investigatory stop was not justified by reasonable suspicion that criminal activity was afoot, as required by *Terry v. Ohio*, 392 U.S. 1 (1968). Howard also contends that his consent to search the vehicle was not valid because it was tainted by the illegal detention.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's factual findings for clear error and the legality of the investigatory stop de novo. *See United States v. Outlaw*, 319 F.3d 701, 704 (5th Cir. 2003); *United States v. Vasquez*, 298 F.3d 354, 356 (5th Cir. 2002). Police officers are permitted to stop and briefly detain individuals "if they have reasonable suspicion that criminal activity is afoot." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000). Reasonable suspicion must be based on "'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion.'" *United States v. Webster*, 162 F.3d 308, 332 (5th Cir. 1998) (quoting *Terry*, 392 U.S. at 21).

Based on the totality of the circumstances, we find that the officer's suspicion that criminal activity was afoot was reasonable. *See United States v. Grant,* 349 F.3d 192, 197 (5th Cir. 2003). In the early morning hours when all nearby businesses were closed, Detective Ainsworth observed Howard driving slowly in circuitous routes near a closed theater that had recently been burglarized. Howard appeared as though he was attempting to evade Detective Ainsworth and committed traffic violations in his efforts. Additionally, the events occurred in a narcotics trafficking area. These facts objectively provided reasonable suspicion for the stop. *See Illinois v. Wardlaw*, 528 U.S. 119, 124 (2000); *Goodson*, 202 F.3d at 736.

Because the investigatory stop was constitutional, it is unnecessary to address Howard's challenge to the validity of the consent. His argument is based solely on the alleged unconstitutionality of the detention. Accordingly, the judgment of the district court is AFFIRMED.